IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH STEVEN THOMASON,

        Plaintiff,                      No. 2:08-cv-2599 FCD JFM (PC)

    vs.

R. PACILLAS, et al.,                 <u>ORDER AND</u>

        Defendants.          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson

v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff contends defendants misplaced or lost his color T.V. and 500 page trial transcripts.  Plaintiff's allegation that his property was lost or misplaced constitutes negligence, which does not constitute an unconstitutional deprivation.  See Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662 (1986) (negligence of federal agent resulting in property loss not constitutional deprivation).  The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized.  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.  The court concludes that this claim must, therefore, be dismissed as frivolous.  See 28 U.S.C. § 1915(d).

Plaintiff also alleges he has been unable to pursue habeas relief because his trial transcripts were lost.

1    A prisoner may potentially have a cause of action under Section 1983 for denial of
2 access to the courts if prison officials confiscate or destroy the prisoner's legal materials.  See,
3 e.g., Simmons v. Dickhaut, 804 F.2d 182, 183 (1st Cir.1986) (collecting cases).  However, the
4 Supreme Court held in Lewis v. Casey, 518 U.S. 343 (1996), that a prisoner must demonstrate
5 "actual injury" to have standing to maintain such a claim.  "An 'actual injury' consists of some
6 specific 'instance in which an inmate was actually denied access to the courts.'"  Sands v. Lewis,
7 886 F.2d 1166, 1171 (9th Cir.1989).  "Only if an actual injury is alleged does a plaintiff state a
8 claim for which relief can be granted."  Id.; see also Barren v. Harrington, 152 F.3d 1193, 1195
9 (9th Cir.1998) ("To state a valid claim for denial of access to the courts, a plaintiff must allege an
10 actual injury").

11    Plaintiff's claim he has been prevented from pursuing habeas relief is belied by
12 the record contained in Case No. 2:04-cv-1996 GEB KJM P .[1]  On September 24, 2004, plaintiff
13 filed his petition for writ of habeas corpus.  Id.  On September 2, 2008, plaintiff inquired whether
14 the petition considered by that court was supported by portions of the transcript.  Id.  On
15 September 12, 2008, the court noted that plaintiff had included excerpts from the trial transcript
16 with the January 26, 2006 amended petition.  Id.  In addition, the court confirmed respondent had
17 lodged the entire trial transcript on February 8, 2007, which the court considered in its February
18 26, 2008 findings and recommendations on the merits.  Id.  Petitioner has failed to demonstrate
19 how the loss of his trial transcripts in 2008 precluded him from pursuing his writ of habeas
20 corpus, either in state court prior to the 2004 filing of his action in federal court, or in federal
21 court where he had benefit of his trial transcripts for at least three years.  The record in 2:04-cv-
22 1996 confirms petitioner had his trial transcripts for preparation of the pertinent pleadings,
23 including his traverse, which was filed on May 3, 2007.
24 /////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Because plaintiff had benefit of his trial transcripts to file his petition for writ of habeas corpus and traverse in federal court and the trial transcripts were lodged with the court, plaintiff will be unable to demonstrate actual injury; that is, he cannot demonstrate he was denied access to the courts to pursue his petition for writ of habeas corpus. The instant complaint should be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 24, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; thom2599.56